GEORGE SCHMITT, appellant,

*v.*

SARAH C. WILLIS, executrix and respondent.

Where the proceedings for the sale of land to pay a decedent's debts are regular, and the orphans court orders the land to be sold free from the widow's right of dower, the sale thereunder divests her of all claim upon the land-and transfers her interest to the money derived from such sale..

---

Appeal from decretal order of Union orphans court.

*Mr. T. L. Currie,* for appellant.

*Mr. C. F. Hill,* for respondent.

THE ORDINARY.

The appeal in this case is from a decretal order of the orphans court of Union county, dismissing a petition of the appellant to that court.  By the petition the appellant prayed the court to vacate its order confirming a sale by the respondent as executrix of Thomas E. Hicks, deceased, under the order of the court, to him, of certain land of the decedent, and to order the executrix

to repay to him the deposit made by him at the sale on account of his bid.

The ground on which he based his application was, that although the land was sold free from the dower of the widow of the decedent, she refuses to relinquish her dower in the property. No proof was offered. It appears, by the petition of appeal, that the land was sold under the order of the orphans court to pay the debts of the decedent, and that the court ordered that it be sold free from the dower of the widow. The appellant insists that the sale under the order did not divest the widow of her dower in the property. He does not deny that she was notified of the application to sell the land free from her dower, according to the provisions of the eighteenth section of the act " relative to sales of land under a public statute or by virtue of any judicial proceedings" (*Rev. p. 1046*), but he denies that the court had the power to order a sale of land to pay debts of a decedent free from dower.

The provision of the statute just referred to is too plain to admit of any question. There can be no doubt of the power of the orphans court, under that statute, to order such sale free from dower. It is urged that the section of the orphans court act which makes the lands of a decedent liable to sale to pay his debts, provides that nothing therein contained shall affect any right of dower in the property. *Rev. p. 766 § 70.* The object of that proviso is to declare that the legislature does not intend to deprive the widow of her dower by the sale of the land to pay the decedent's debts. The act above referred to, " relative to sales of land " &c., while it provides for the sale of the land free from the dower, does not deprive the widow of her dower; it merely transfers her right from the land to the proceeds of the sale thereof. The proviso of the orphans court act and the act " relative to sales of land " &c. are *in pari materia,* and are to be so construed that both may stand, and so as to give effect to the manifest intention of the legislature in enacting them. If the proceedings in the orphans court were in accordance with the requirements of the latter act, and it is not denied that they were, the title will pass to the purchaser free from the widow's right.

of dower. The act expressly provides that in such case the estate and interest of the widow shall pass by the sale, and that the purchaser, his heirs and assigns, shall hold the premises free and discharged from all claims by virtue thereof.

The order appealed from should be affirmed, with costs.